IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL W. STAFFORD )
)
v. ) NO. 3-14-1649
) JUDGE CAMPBELL
LOWE'S HOME CENTERS, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 15). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff filed this action against his former employer, alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and the Tennessee Disability Act ("TDA") and retaliation under the Family and Medical Leave Act ("FMLA"). Plaintiff contends that he was employed as a Sales Specialist in Defendant's Gallatin, Tennessee store. He alleges that he suffers from cervical and lumbar spondylosis, causing chronic neck and lower back pain, numbness in his feet, occasional headaches and poor sleep. He asserts that he has used FMLA leave both intermittently and continuously.

The parties agree that Sales Specialists are required to be available for scheduling morning, afternoon and evening, any day of the week, and there are three shifts: 6 a.m. to 3 p.m., 7 a.m. to 4 p.m., and 8 a.m. to 5 p.m. In the past, the Gallatin store generally scheduled the three Sales Specialists on alternating early morning shifts such that they rotated among the three.

In December of 2012, Plaintiff asked Defendant for an accommodation needed to benefit his health and work performance. He states that he brought a note from his doctor, indicating (among

other things) that Plaintiff would benefit from trying to work hours earlier in the day, when he was less exhausted. Plaintiff filled out an Accommodation Request Form and requested to work the shift of 6 a.m. to 3 p.m. as his permanent shift.

In response to this request, in February of 2013, Defendant offered Plaintiff a fixed 6 a.m. to 3 p.m. work schedule, assistance before lifting anything more than 50 pounds, and a stool so that he could alternate between sitting and standing.

In April of 2013, Defendant's Human Resources Manager, Ms. Roberts, met with Plaintiff to re-evaluate his work schedule accommodation. She requested new information from Plaintiff's doctor. Plaintiff again requested an early schedule of 6 a.m. to 3 p.m., and Plaintiff's doctor wrote: "request early a.m. shift - see earlier note." Defendant asked the doctor to provide medical justification for Plaintiff's needing the specific shift he requested and to give a length of time for the restrictions. Plaintiff's physician responded simply by referencing his earlier note.

On May 6, 2013, Defendant offered to Plaintiff and Plaintiff accepted a fixed schedule of 6 a.m. to 3 p.m. on Mondays and Wednesdays, 7 a.m. to 4 p.m. on Tuesdays and Thursdays, and 6 a.m. to 2 p.m. on Fridays. That schedule was provided throughout the remainder of Plaintiff's employment.

On July 15, 2013, Plaintiff violated Defendant's ladder safety policy by standing on a flat cart with wheels to get merchandise off the shelf. He was issued a written warning for this policy violation, for working in an unsafe manner. Plaintiff has acknowledged that this discipline was warranted, given his misconduct. Thereafter, Plaintiff was issued a Final Warning for violating Defendant's attendance practices for excessive absences, which Plaintiff also has acknowledged was a proper course of discipline.

The misconduct which resulted in the termination of Plaintiff's employment was Plaintiff's re-sale of a nail gun to a customer for personal gain. Plaintiff admitted that he took an unauthorized break to re-sell a nail gun he had purchased from Defendant with his employee discount for that price plus a $25 mark-up. Defendant considered the re-sale to be a violation of Defendant's Employee Code of Conduct and terminated Plaintiff's employment on October 21, 2013.

Plaintiff contends that he was fired because of his disability and in retaliation for taking FMLA leave. Defendant argues that Plaintiff cannot establish a *prima facie* case of disability discrimination or retaliation and seeks summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence

3

has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISABILITY DISCRIMINATION[1]

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he has a disability, as defined in the ADA; (2) he is qualified to perform the essential functions of the position, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014).[2] The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse employment action. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 992 F.Supp.2d 841, 855 (M.D. Tenn. 2014).

For purposes of this Motion, Defendant does not dispute that Plaintiff has a disability. Defendant contends that Plaintiff was not otherwise qualified to perform the essential functions of

---

[1] A claim brought under the Tennessee Disability Act is analyzed under the same principles as those utilized for the Americans with Disabilities Act. *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004).

[2] If the Plaintiff establishes this *prima facie* case, then the burden shifts to the Defendant to offer a legitimate, nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the Defendant makes this showing, which is a burden of production, not persuasion, the Plaintiff must then present evidence allowing a jury to find that the Defendant's explanation is a pretext for unlawful discrimination. *Id.*

4

his job because he could not meet the attendance requirements. The Court must evaluate whether Plaintiff was "qualified" independently of Defendant's proffered non-discriminatory reason for firing Plaintiff. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 813 (6th Cir. 2011). Moreover, the Court may not conflate the *prima facie* and pretext stages of the test. *Id.*

An employee who cannot meet the attendance requirements of the job at issue cannot be considered a "qualified" individual protected by the ADA. *Day v. National Electrical Contractors Ass'n*, 91 F.Supp.2d 1008, 1018 (S.D. Ohio 2015) (citing *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998)). Plaintiff does not dispute that Sales Specialists are required to be available for scheduling morning, afternoon and evening, any day of the week. He admits he was given attendance accommodations and, despite those accommodations, he was unable to report to work on a regular basis.

Plaintiff does not dispute that he was offered and accepted attendance accommodations by Defendant three different times (February, May and June of 2013) because of his need to work earlier in the day. Plaintiff also admits that he was given FMLA leave. When Defendant determined that his FMLA leave was exhausted and Plaintiff disagreed, Defendant investigated Plaintiff's claim and credited him with additional FMLA hours. Once that additional FMLA time was exhausted, Plaintiff had more absences, resulting in the Final Warning. Defendant then suggested other accommodations, part-time work or a general leave of absence, which Plaintiff refused because he could not afford it.

Plaintiff argues that his absences were a result of his never being given the specific accommodation he requested: the earliest shift every day. He basically contends that, if he had been allowed to work the earliest shift every day, he could have achieved an acceptable level of

5

attendance. But Plaintiff has not brought a "failure to accommodate" claim, having accepted the accommodations proposed and offered by Defendant. Moreover, Plaintiff has not presented medical testimony to support his argument that working until 4 (instead of 3) two days per week aggravated his condition. Neither has he disputed Defendant's claim that he had attendance issues throughout the entire work-week, even when he worked only until 3.

Even if Plaintiff could show that he was "qualified" (despite his inability to consistently be present for work), even with the accommodations he accepted from Defendant, Plaintiff has not shown the causal connection between his disability and his firing. As noted above, Plaintiff has to show that his disability was the "but-for" cause of his firing. This Plaintiff has failed to do.

Plaintiff cannot establish that Defendant's legitimate, nondiscriminatory reason for ending his employment was a pretext for disability discrimination. Defendant's legitimate, non-discriminatory reason for terminating Plaintiff's employment involved a three-step disciplinary process. Plaintiff was given a written warning when he violated Defendant's ladder safety policy. Plaintiff has acknowledged that this discipline was warranted given his misconduct. Secondly, Plaintiff was issued a Final Warning for violating Defendant's attendance practices for excessive absences, which Plaintiff also acknowledged was a proper course of discipline. Finally, Plaintiff admitted that he took an unauthorized break to re-sell, for personal gain, a nail gun he had purchased from Defendant with his employee discount. Defendant fired Plaintiff for this third incident, which was a violation of Defendant's Employee Code of Conduct.

Plaintiff does not dispute these offenses. He argues that an unnamed employee of Defendant on some non-specific date sold personal retail items from Lowe's for personal gain while on the clock and was not fired, but he has presented no admissible evidence to identify such person or when

6

this occurred, to show whether Defendant knew about this misconduct or whether the person was disciplined, or to explain the circumstances of this alleged violation.

The Court finds that Plaintiff has failed to present a genuine issue of material fact concerning whether Defendant's reason for firing him was pretextual. Plaintiff does not dispute the truth of the violations for which he was fired. Neither has he put forth evidence that Defendant did not "honestly believe" in the reason for his firing. *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001). Defendant has shown its reasonable reliance upon the particularized facts that were before it at the time the decision was made: that Plaintiff had three admitted violations of Defendant's policies, the last being an offense for which termination was the punishment. *See Stanley v. Central Kentucky Community Action Council, Inc.*, 2013 WL 3280264 at *7 (W.D. Ky. June 27, 2013) (citing *Braithwaite*).

For these reasons, Defendant's Motion for Summary Judgment is granted with regard to Plaintiff's disability discrimination claims under the ADA and the TDA.

## FAMILY AND MEDICAL LEAVE ACT

To establish a *prima facie* case of retaliation under the FMLA, Plaintiff must show that (1) he engaged in protected activity; (2) Defendant was aware of the protected activity; (3) Plaintiff was subject to an adverse employment action; and (4) there was a causal nexus between the protected activity and the adverse employment action. *Demyanovich*, 747 F.3d at 432-33; *Romans v. Michigan Dept. of Human Servs.*, 668 F.3d 826, 842 (6th Cir. 2012). The burden-shifting framework used in ADA and Title VII claims applies to FMLA retaliation claims as well. *Sherbyn v. Tyson Fresh Meats, Inc.*, 2015 WL 1481453 at * 9 (M.D. Tenn. March 30, 2015) (citing *Romans*).

Thus, if Plaintiff demonstrates a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action. Plaintiff may then attempt to show that Defendant's reason was a pretext for retaliation. *Perry v. American Red Cross Blood Servs.*, 2015 WL 1401058 at * 6 (M.D. Tenn. March 26, 2015) (citing *Romans*). Plaintiff must always produce sufficient evidence from which a jury could reasonably reject Defendant's explanation and infer that Defendant intentionally retaliated against him. *Id*.

Plaintiff has established the first three elements of his *prima facie* case of FMLA retaliation. Defendant argues that Plaintiff cannot show a causal connection between his use of FMLA leave and his firing. Even if he could, however, Defendant has articulated a legitimate, nondiscriminatory reason for its action and, as with the disability claims, Plaintiff has not raised a genuine issue of material fact as to pretext. Plaintiff has not produced sufficient evidence from which a jury could reasonably reject Defendant's reasoning and infer that Defendant intentionally retaliated against Plaintiff for taking FMLA leave.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE